James C. DIXON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16129.

United States Court of Appeals District of Columbia Circuit.

Argued April 21, 1961.

Decided June 8, 1961.

Mr. Thomas S. Jackson, Washington, D. C., with whom Messrs. Francis L. Young, Jr., and Karl G. Feissner, Washington, D. C. (all appointed by this court), were on the brief, for appellant.

Mr. Abbott A. Leban, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., at the time of argument, and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. David C. Acheson, who took office as United States Attorney after argument, Washington, D. C., entered his appearance for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant was found guilty by a jury on a charge of unauthorized use of an automobile without the consent of the owner. D.C.Code § 22–2204 (1951). We granted leave to appeal at government expense and appointed counsel to represent appellant in this court.

Appellant challenges (a) the sufficiency of the evidence, especially as to ownership of the car and absence of proof of corporate existence of the owner; (b) the admission of evidence beyond the scope of a bill of particulars as to the date when the car was first known to be missing; (c) the refusal of the court to grant appellant's motion to waive trial by jury.

We have examined the record and find no error warranting reversal.

We note, in light of the vigorous contention as to the "right" to waive trial by jury that no such right exists. The Sixth Amendment to the Constitution provides that "in all criminal prosecutions, the accused *shall* enjoy * * trial, by an impartial jury." Rule 23(a), Fed.R.Crim.P. 18 U.S.C.A. provides that all cases "required to be tried by jury *shall be so tried* unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." (Emphasis added.) Thus three entities, the accused, the government and the court must concur before any criminal trial may be held without a jury. Here, the appellant consented but the government did not and the court indicated unwillingness to try the appellant without a jury. Hence apart from other considerations, the conditions of Rule 23(a) have not been met. There is, of course, an absolute right to trial by jury in every criminal case, but there is no absolute right to trial by the court without a jury. A criminal trial may be conducted without a jury only under the conditions prescribed by Rule 23(a).

"Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established

by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant * * *." Patton v. United States, 1930, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854.

See also Adams v. United States ex rel. McCann, 1942, 317 U.S. 269, 277–278, at pages 281, 286, 63 S.Ct. 236, at pages 242, 244, 87 L.Ed. 268 (dissent).

Affirmed.

FAHY, Circuit Judge, concurs in the result.