**Mortimer SINGER, Appellant,**

v.

**UNITED STATES of America, Respondent.**

**No. 18284.**

United States Court of Appeals Ninth Circuit.

Jan. 6, 1964.

Rehearing Denied Feb. 10, 1964.

Sidney Dorfman, Beverly Hills, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief Criminal Section, and Timothy M. Thornton, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and MERRILL, Circuit Judges, and BURKE, District Judge.

BURKE, District Judge.

Appellant, Mortimer Singer, was tried and convicted by a jury in the United States District Court, Southern District of California, on twenty-nine counts of an indictment charging thirty separate violations of the Mail Fraud Statute, 18 U.S.C. § 1341.[1]

---

1. 18 U.S.C. § 1341 provides:
"Frauds and swindles
"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counter-

Counts One to Seventeen of the indictment charged "depositing" of mail in violation of Title 18 U.S.C. § 1341, and counts Eighteen to Thirty charged "receiving" mail in violation of the same statute. The first count of the indictment set forth the nature of the alleged scheme and the remaining counts incorporated the details thereof by reference to Count One. The indictment charged that beginning on or about July 1st, 1957 and continuing to on or about March 15th, 1959 appellant devised a scheme to defraud and obtain money and property from amateur song writers, lyric writers and composers by means of false and fraudulent pretenses, representations and promises. The indictment further alleged that appellant falsely represented himself as the operator of a legitimate and well established song servicing and marketing business which could, and did, for a service charge have songs, lyrics and other musical compositions arranged, orchestrated, edited, published, recorded and exploited for the benefit of amateur song writers.

After the indictment was returned appellant attempted to waive a trial by jury, but was unsuccessful because of the government's refusal to consent to such waiver.

This court has jurisdiction of the appeal under provisions of § 1291, 28 U.S.C.

■ There are many specifications of error upon which appellant relies. The first is predicated upon the claim that an accused has a constitutional right to waive trial by jury and that to condition the right upon consent of the government is a denial of due process as provided by the Fifth Amendment to the Constitution.

Rule 23 of the Federal Rules of Criminal Procedure provides as follows:

"(a) Trial by Jury. Cases required to be tried by a jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

"(b) Jury of Less Than Twelve. Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12.

"(c) Trial Without a Jury. In a case tried without a jury the court shall make a general finding and shall in addition on request find the facts specially."

Acceptance of appellant's argument necessarily requires a conclusion that the unequivocal language of Rule 23(a) requiring consent of the government before an accused may waive trial by jury is unconstitutional. Although appellant's logic is not lacking some persuasive quality we are of the opinion that constitutionality of Rule 23(a) is well settled.[2] In accordance with the existing authorities we find no denial of due process in this case.

Other specifications of error include charges that government counsel was guilty of prejudicial misconduct in his opening statement to the jury, in the course of direct and cross-examination

---

feit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both. * * * "

2. Taylor v. United States, 142 F.2d 808 (9th Cir. 1944), cert. den. 323 U.S. 723, 65 S.Ct. 56, 89 L.Ed. 581, Reh. Den. 323 U.S. 813, 65 S.Ct. 113, 89 L.Ed. 647; Mason v. United States, 250 F.2d 704 (10th Cir. 1957); Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854.

of witnesses and the closing argument. Appellant further contends that the trial judge made improper and prejudicial remarks during the course of the trial, made erroneous and prejudicial rulings in connection with the admission and rejection of evidence, gave erroneous instructions to the jury and failed to give necessary and proper instructions, the absence of which resulted in prejudice to appellant. Numerous examples of alleged misconduct on the part of government counsel have been cited by appellant. A review of the record requires a conclusion by this court that appellant was not the victim of such misconduct as to deprive him of a fair trial.

Many of the appellant's complaints are directed to statements of government counsel and the trial judge which took place outside the presence of the jury and which, had they been known to the jury, would have resulted in prejudice to the government's case, and probable advantage to appellant. In those situations where government counsel may have been guilty of improper examination or argument in the presence of the jury the trial judge carefully admonished the jury in such fashion as to eliminate the possibility of prejudice to appellant.

■ Appellant contends that the trial judge made improper and prejudicial remarks which resulted in an unfair trial to appellant. Illustrations of such alleged prejudicial action fail to support the conclusion urged by appellant. The record in its entirety discloses consistent concern by the trial judge for preservation of the appellant's right to a fair trial before the jury. It should be mentioned that even if appellant's contentions were found possessed of some merit, his position at this time would be most tenuous. During the course of trial defense counsel made no objection to allegedly improper or prejudicial remarks of the trial court and allegations of such error were raised for the first time in this appeal. In general, failure to object to statements of the court and thus allow correction of error, if any, at the time precludes consideration of such remark for the first time on appeal.

Appellant charges the trial judge with the commission of error in the admission and rejection of evidence in such fashion as to result in prejudice to appellant. No persuasive examples of such rulings have been cited and we are of the opinion that rulings in regard to the admission and rejection of evidence were, if anything, more consistently favorable to the defense than to the government.

■ Appellant further alleges error in regard to certain instructions which are said to be prejudicial and misleading. The instructions in question, when considered in their entirety are fair and accurate. Failure of appellant to comply with Rule 30 of the Federal Rules of Criminal Procedure requiring objection to instructions before the jury retires to consider its verdict makes extended discussion of this point unnecessary. Brown v. United States, (9th Cir. 1955) 222 F.2d 293 at 298.

Appellant's final criticism of the instructions given is directed to alleged failure by the court to give adequate instructions on the elements of criminal fraud. We are of the opinion that the instructions given in this regard were adequate and accurate. No objection to the instructions, as given, were made as required by Rule 30 and we find no reason, under these circumstances, to consider appellant's argument in further detail.

■ Appellant's attack upon the sufficiency of the evidence is not predicated upon the record. Testimony and documentary evidence introduced as part of the government's case was more than sufficient to sustain the verdict. We find no error in the order of the District Court denying appellant's motion for a new trial and supplemental motion for a new trial.

Affirmed.