**UNITED STATES of America,
Appellee,**

v.

**Milton HOLT, Defendant-Appellant.**

**No. 136, Docket 28375.**

United States Court of Appeals
Second Circuit.

Argued Dec. 10, 1963.

Decided June 5, 1964.

William Esbitt, New York City, N. Y. (Marvin B. Segal, New York City, of counsel), for appellant.

Thomas Day Edwards, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York, Michael S. Fawer, Andrew T. McEvoy, Jr., Asst. U. S. Attys., of counsel), for the United States.

Before MOORE,* SMITH and HAYS, Circuit Judges.

MOORE, Circuit Judge:

Appellant, Milton Holt, appeals from a judgment of conviction upon a jury verdict finding him guilty of having received "money or other thing of value" in violation of 29 U.S.C.A. § 186(b) which proscribes such receipt by a representative of the employer's employees from an employer. Holt was Secretary-Treasurer of Local 805, Confectionery and Tobacco Drivers and Warehousemen, International Brotherhood of Teamsters and as such was a representative of employees of National Vending Corporation, Continental Vending Machine Corporation, and Continental Industries, Inc. The indictment in its three counts against Holt (counts 2, 4 and 6) charged him with receiving "a thing of value, to wit, money" in the respective amounts of $30,000, $50,000 and $12,000. The delivery of these amounts by the defendants Sternberg and Roth is dealt with in the opinion in a companion appeal, United States v. Roth, 333 F.2d 450 (2d Cir. 1964).

Appellant assigns many points of error: (1) insufficiency of proof to sustain a conviction in that the Government failed to prove that Holt knew that the employers had transferred funds to Adams Associates which actually made the loan; (2) refusal of the trial court to charge that such knowledge was a necessary element of the crime; (3) the admission of conversation between Sternberg and Abrams and of evidence of the transfer of funds between Valley Commercial and Adams Associates; (4) an alleged variance between the receipt of a loan as a "thing of value" and the charge of the receipt of money; (5) failure of the trial judge to disqualify himself on the jury trial after he had disqualified himself from trying the case without a jury; (6) denial of Holt's motion for a non-jury trial as a matter of right; and (7) improper selection of the grand jury. In addition, Holt relies upon the arguments made in United States v. Roth, supra, that section 186, 29 U.S.C.A. does not proscribe loans.

1. There was adequate proof from which at least the inference could be made that Holt knew the loans were coming from the employer.

2. The court properly instructed the jury that Holt's knowledge was an essential element in charging "did Mr. Holt actually know when receiving this thing of value both that it

* This appeal was argued before a panel composed of Judges Clark, Smith and Hays. Judge Clark died before any opinion had been prepared, and thereafter Judge Moore was substituted.

was a thing of value and that it was being conferred on behalf of an employing company or companies employing workers represented by him, Milton Holt?" The means chosen for handling the loans (referred to by appellant as "intercession") were admissible to lay the foundation from which the jury could draw its inference of knowledge that the loans came from the employer.

3. Frank Abrams of Adams Associates testified that Holt announced himself "as Mr. Holt about whom Sternberg of Valley Commercial spoke" and "that he came up for a loan." Abrams told Holt that the loan was being made as a favor to, and without interest at the request of, his client Valley Commercial (Sternberg). This background sufficiently established as admissible the conversation wherein Sternberg asked Abrams to arrange a loan to Holt without interest for which Sternberg would reimburse Abrams.

4. The alleged variance between the receipt of money in the amounts of $30,000, $50,000 and $10,000, charged in the indictment, and the proof of the receipt of these amounts as loans was not prejudicial or fatal. Holt fully understood the charges which he had to meet.

5. No legal grounds for disqualification are alleged. 28 U.S.C.A. § 144, § 455. See United States ex rel. Rogers v. Richmond, 178 F.Supp. 44 (D.Conn.1958). The judge had presided at the Sternberg-Roth trial. Holt had obtained a severance. The fact that a judge grants such a privilege to a defendant does not result in his disqualification to preside over the subsequent trial of the severed defendant.

6. Rule 23(a), Fed.R.Crim.Proc. provides that "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." Neither court approval nor government consent was obtained. The Advisory Committee noted, "The provision for a waiver of a jury trial by the defendant embodies existing practice, the constitutionality of which has been upheld." The Supreme Court in Patton v. United States, 281 U.S. 276, 312–313, 50 S.Ct. 253, 263, 74 L.Ed. 854, 70 A.L.R. 263 (1930) reviewed at some length cases dealing with jury waiver in criminal trials. Its conclusion would seem just as sound today as in 1930:

> "Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously-preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity."

In Singer v. United States, 326 F.2d 132 (9 Cir., 1964),[1] the defendant claimed

---

[1] On April 20, 1964, the Supreme Court granted *certiorari* with respect to the following questions 84 S.Ct. 1168:
"1. Does the defendant have a constitutional right to waive a jury trial?

"2. Does the FR Cr P 23(a)'s conditioning of defendant's waiver of jury trial upon consent of the Government violate due process?"

that he had a constitutional right to waive trial by jury and that to condition the right upon consent of the government is a denial of due process as provided by the Fifth Amendment.

It is difficult to subscribe to the contention that trial by jury so zealously safeguarded by the Constitution, can be considered a denial of due process or to understand how the requirements of a rule enabling this right to be waived reach so-called constitutional levels. It may be noted that the 1964 proposed amendments of the Criminal Rules formulated by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States do not change Rule 23(a) or suggest that the requirements of court approval and government consent be eliminated.

The Patton case was deemed to control the merits of the waiver without advice of counsel question in Adams v. United States ex rel. McCann, 317 U. S. 269, 275, 63 S.Ct. 236, 240, 87 L. Ed. 268, 143 A.L.R. 435 (1942) wherein Mr. Justice Frankfurter for the Court upheld the waiver if "in the exercise of a free and intelligent choice, and with the considered approval of the court, * * *." The dissent of Mr. Justice Douglas, in which Justices Black and Murphy joined, stressed even more the exercise by the trial judge of "that 'sound and advised discretion' which the Patton case required even before a waiver of one juror was accepted" (317 U.S. at 284, 63 S.Ct. at 244).

In Mason v. United States, 250 F.2d 704, 705–706 (10 Cir., 1957) the court said:

"We, however, feel that the philosophy of the law is well established that the trial court is vested with a sound discretion in determining whether a jury trial should or should not be had, notwithstanding the accused's request that he be tried to the court. Such is the sense of Rule 23(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides that 'Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.' Under this rule, the right to waive a jury and be tried to the court is not an absolute one; it requires the approval of the court and the consent of the government. Such we think is also the philosophy of the law as declared by the Supreme Court in Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854 [70 A.L.R. 263]."

See also Dixon v. United States, 110 U.S.App.D.C. 275, 292 F.2d 768, 769 (1961); C. I. T. Corporation v. United States, 150 F.2d 85, 91 (9 Cir., 1945); Taylor v. United States, 142 F.2d 808, 816 (9 Cir., 1944); Rees v. United States, 95 F.2d 784, 790–791 (4 Cir. 1938);[2] United States v. Dubrin, 93 F.2d 499, 505 (2 Cir.), cert. denied, 303 U.S. 646, 58 S.Ct. 644, 82 L.Ed. 1107 (1937).

There is no showing here that the trial judge did not exercise that "sound and advised" discretion referred to by the Supreme Court in both Patton and McCann. Denial of a non-jury trial under all the circumstances here presented was proper and did not deprive Holt of due process.

2. "It cannot be conceived how a trial by a jury, presided over by a judge, could possibly be prejudicial to an accused. It is not only the province but the duty of the judge to pass upon the verdict of the jury and the sufficiency of the evidence to support the verdict. Under these fundamental and elementary principles, invariably governing the administration of criminal law in our courts, the accused, when tried by a jury, has every advantage he could possibly have in a trial before a judge alone. In effect he has a trial by the judge in addition to the trial by the jury.

"The judge properly exercised his authority in refusing to sanction the waiver of a jury trial and the rights of the defendants were in no way prejudiced by the judge's action."

7. The selection of the grand jury point is without merit. See United States v. Agueci, 310 F.2d 817, 833–834 (2 Cir., 1962), cert. denied, 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11 (1963).

Affirmed.

HAYS, Circuit Judge:

I dissent. See United States v. Roth and Sternberg, 333 F.2d 450 (2d Cir. 1964).