**Nathaniel DICKSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 3990.**

District of Columbia Court of Appeals.

Argued Oct. 17, 1966.

Decided Feb. 3, 1967.

Leroy Nesbitt, Washington, D. C., for appellant. B. V. Lawson, Jr., Washington, D. C., also entered an appearance for appellant.

Edward T. Miller, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Robert Kenly Webster, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Following a trial without a jury, appellant was convicted of attempted unauthorized use of a motor vehicle.[1]

The only witness for the government was an officer of the Metropolitan Police Department who testified that in the early morning hours of October 9, 1965, he participated, along with another police cruiser, in the chase of a taxicab which had been reported stolen. He came upon the described taxi shortly after it had collided with a lightpost. The occupants (one of whom was appellant) had fled, and the

1. D.C.Code § 22–103 (1961); D.C.Code § 22–2204 (1961).

officer joined on foot in their pursuit. A few minutes later he found appellant hiding on the fire escape of a nearby hotel. In their ensuing conversation, according to the officer, appellant stated that he had been picked up by a friend, Kerry McKinney, who had been driving the cab; that McKinney had told him the cab was stolen and suggested appellant accompany him in an attempt to pick up some fares and make some money. Cross-examination brought out that the officer had investigated the ownership of the cab. On redirect the officer gave the name of its owner—one other than McKinney or appellant. This was the only evidence offered as to the ownership of the vehicle. The owner did not testify.

At the conclusion of the officer's testimony, the government rested its case. Appellant moved for judgment of acquittal upon the grounds that the prosecution had failed to establish either ownership of the vehicle or lack of permission for its use, and thus there was insufficient evidence to support his conviction. His motion was denied.

Appellant's testimony paralleled that of the officer in many respects. He denied, however, that prior to the collision he was aware the car was stolen. He stated he had accepted a ride from McKinney following a dance and that he had never driven the cab or agreed to accompany McKinney for the purpose of making money by picking up fares. He admitted running from the scene after the accident, but offered as an explanation that McKinney had directed him to do so, telling him then, for the first time, that the cab had been stolen. He testified he had known McKinney for some time and

was aware he neither owned a cab nor possessed a permit to operate one, but added he knew one of McKinney's relatives had a taxicab. No other witnesses appeared on behalf of appellant, and at the close of his testimony he renewed his motion for acquittal, which was again denied.

Before us appellant advances the same arguments urged on the trial court in support of his motions for acquittal. He contends that the uncorroborated testimony of the arresting officer was legally inadequate to establish the elements of the offense charged—that as the government failed to present the owner of the taxicab it did not prove beyond a reasonable doubt the charge against him.

■ We have found no cited legal authority which requires the owner of a vehicle to testify at the trial in order to establish either ownership or lack of consent when these issues can be established from other sources. In our judgment the record before us, viewed in its entirety, contains ample competent evidence, with reasonably drawn inferences and deductions favorable to the government,[2] to support the conviction of appellant for attempted unauthorized use of the automobile in question.[3] But even if the government's evidence in itself had been insufficient to establish ownership and lack of permission, the testimony of appellant cured any defect in the government's proof.

■ A defendant is ordinarily deemed to have waived his motion for acquittal at the close of the government's evidence when, after denial of the motion, he elects to introduce evidence on his own behalf.

2. Ingram v. United States, 360 U.S. 672, 678, 79 S.Ct. 1314, 3 L.Ed.2d 1503 (1959); Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Morton v. United States, 79 U.S. App.D.C. 329, 331, 147 F.2d 28, 30, cert. denied, 324 U.S. 875, 65 S.Ct. 1015, 89 L.Ed. 1428 (1945). See also United States v. Manton, 107 F.2d 834 (2nd Cir. 1938), and cases cited therein.

3. The requisite elements being present for conviction under D.C.Code § 22-2204, there can be no controversy of the elements necessary under D.C.Code § 22-103. Greenwood v. United States, D.C. App., 225 A.2d 878 (January 19, 1967); United States v. Fleming, D.C.App., 215 A.2d 839 (1966).

Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 4 A.L.R.2d 1193, cert. denied, 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775, rehearing denied, 335 U.S. 839, 69 S.Ct. 9, 93 L.Ed. 391 (1948); Ladrey v. United States, 81 U.S.App.D.C. 127, 155 F.2d 417, cert. denied 329 U.S. 723, 67 S.Ct. 68, 91 L.Ed. 627 (1946). By introducing evidence, his proof may lay the foundation for otherwise inadmissible evidence in the government's initial presentation or provide corroboration for essential elements of the government's case. United States v. Calderon, 348 U.S. 160, 164 n. 1, 75 S.Ct. 186, 99 L.Ed. 202 (1954); Ladrey v. United States, supra; Ercoli v. United States, 76 U.S.App.D.C. 360, 131 F.2d 354 (1942). Upon the renewal of the motion to acquit at the conclusion of all testimony, the sufficiency of the evidence is again challenged and in assessing it we have the right to seek corroboration in the proof of both parties.

Before the trial judge was the undisputed testimony of the officer that the taxicab in question had been reported stolen and that his investigations revealed ownership in a third party. Other evidence, elicited from the appellant himself, corroborated significant aspects of the officer's testimony and was probative of ownership in another and lack of consent. In a similar case, Dixon v. United States, 110 U.S.App. D.C. 275, 292 F.2d 768 (1961), a conviction for unauthorized use of a vehicle was affirmed where the identity of the owner of the car was never conclusively proved. Although testimony of government witnesses differed as to who actually owned the car, two facts were obvious: the appellant was not the owner and he did not have permission from any of the possible owners to use the car.[4] The evidence before us clearly compels a like finding. The conviction is

Affirmed.

4. These facts do not appear in the *Dixon* opinion but are to be found in the bound volumes of the records and briefs, vol.

1406, Dixon v. United States, No. 16129, United States Court of Appeals for the District of Columbia Circuit.