CHARLES CARROLL, Chief Judge.
We have for decision a question certified to this court under Rule 4.6 FAR, 32 F. S.A. by a judge of the circuit court of Dade County, in a cause there pending (Criminal No. 2531) for the prosecution of one Domingo Garcia under an indictment for forcible rape, a capital offense under § 794.01 Fla.Stat., F.S.A., to which he has entered a plea of not guilty.[1]
The question, briefly stated, is whether a trial by jury can be waived by a defendant who, under indictment for a capital offense, has pleaded not guilty.
Regarding the question to be one proper to be certified to this court for decision under the rule, we took jurisdiction thereof, and have considered the briefs and heard oral argument thereon.
In certifying the question the trial judge informs this court that the defendant has announced a desire to waive trial by jury, that the state is prepared to consent thereto, and that the trial court is not inclined to disapprove the action, but that the trial court is in doubt as to whether trial by jury can be waived in this case which is one in which a sentence of death may be, imposed.
The uncertainty arises upon consideration of the provisions of a statute (F.S. § 912.01 F.S.A.) and of a rule of criminal procedure (Rule 1.260 CrPR, 33 F.S.A.).
Section 912.01 Fla.Stat., F.S.A. is entitled “When trial by jury may be waived.” It provides as follows: “In all cases except where a sentence of death may be imposed trial by jury may be waived by the defendant. Such waiver shall be made in open court and an indorsement thereof made on the indictment or information and signed by the defendant.”
Rule 1.260 CrPR entitled “Waiver of Jury Trial,” provides: “A defendant may, in writing, waive a jury trial with the approval of the court and the consent of the state.”
The order of the Supreme Court by which the Florida Rules of Criminal Procedure were adopted and approved on March 1, 1967, included the following provisions: “This compilation shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court.”
The problem presented is whether the statutory provision against a defendant *397 waiving trial by jury in a case where sentence of death may be imposed is superseded by or is in conflict with the rule above quoted.
This statute which now appears as F.S. § 912.01 F.S.A., was passed in 1939, as § 181 of Chapter 19554 Laws of Florida 1939, and became effective on October 10, 1939.
Prior thereto there were in effect § 8378 Comp.Gen.Laws 1927, providing: “Issues of fact joined on any indictment or information shall be tried by jury selected and summoned in the manner prescribed by law in civil cases,” and § 8380 Comp. Gen.Laws 1927, reading: “In the trial of misdemeanors the prosecuting attorney and the defendant may waive a jury, and the waiver shall be entered upon the record. In such case the trial shall proceed before the judge or the court.” Those statutory sections were repealed by § 319 of Chapter 19554 of 1939.
Also deserving of consideration is § 919.-23 Fla.Stat., F.S.A. Subsection (1) thereof deals with the recommending, by a jury, of the accused to the mercy of the court or to executive clemency, in cases other than capital cases. Prior to 1939 that subsection appeared as § 8400 Comp.Gen.Laws 1927. Subsection (2) of present § 919.-23 Fla.Stat., F.S.A. provides: “Whoever is convicted of a capital offense and recommended to the mercy of the court by a majority of the jury in their verdict, shall be sentenced to imprisonment for life; or if found by the judge of the court, where there is no jury, to be entitled to a recommendation to mercy, shall be sentenced to imprisonment for life, at the discretion of the court.” Prior to 1939 that subsection (2) of present § 919.23 appeared as § 8401 Comp.Gen.Laws 1927, which was carried forward in the revision of the criminal procedure represented by Chapter 19554 of 1939, as § 237a of the 1939 Act.
The briefs filed herein suggest the provision of the statutory section last quoted, dealing with the effect of a “recommendation to mercy, if found by the court, where there is no jury” in a capital case, should be interpreted as showing legislative intent or recognition that capital cases could be tried before the court without a jury, presumably upon waiver of trial by jury by a defendant who had pleaded not guilty. We reject that suggested construction. That statutory provision, brought forward and appearing as it does in the same 1939 act which, for the first time, included the provision which is now F.S. § 912.01 F.S.A. prohibiting waiver of trial by jury in capital cases, requires that those two sections be considered in pari materia. Upon so doing, and in order to give effect to each, it seems apparent that by including both sections in Chapter 19554, the legislature did not intend thereby to nullify the provision against waiving jury trial in capital cases, but that the reference to the effect of a determination of clemency in such cases by the court where there was no jury, necessarily had reference to capital cases in which a. defendant pleaded guilty and thus was before the court for conviction, without jury trial, on the basis of his guilty plea.
Difficulty is encountered in that from the wording of the rule it cannot be determined with any certainty whether the rule intends, or should be read and construed to intend that (with consent of the court and the state) a defendant can waive trial by jury in all cases, or whether, since the rule as worded was not expressly made applicable to “every case” or “all cases”, it should be construed as not being intended to abrogate the statutory provision in question, but rather to impose (consent) limitations and thereby affect only the manner of waiver of jury trial where waiver of jury trial is authorized by law.
The rule was taken from a similar Federal rule of procedure, which was influenced by court decisions suggesting the need and benefit of retaining court control over exercise of the privilege of a defendant to waive trial by jury, and to permit the prosecution to require jury trial not *398 withstanding a desire of the defendant to waive it.
Whatever the policy behind the legislation which by F.S. § 912.01 F.S.A. had allowed defendants, in all but capital cases, an unrestricted privilege to waive trial by jury, it would appear that the interests of the state and of such defendants are adequately preserved by the rule, by making the waiver of jury trial dependent upon “approval of the court and the consent of the state.”
The McCall cases cited in the briefs, in which it was held that a plea of guilty in ' a capital case necessarily waived right to trial by jury, are of little assistance here because they dealt with the effect of a guilty plea, and because decided prior to enactment of Chapter 19554 Laws of 1939.[2] In Smith v. State, Fla.1967, 197 So.2d 497, wherein it was held that a plea of nolo contendere should not be accepted to an indictment for a capital offense, the Supreme Court stated that in so holding it was largely influenced by the provision of § 912.01 Fla.Stat., F.S.A. under which waiver of jury trial was not permissible in capital cases. That case was decided April 12, 1967. No question was involved there - as to the possible affect on § 912.01 of Rule 1.260 CrPR, as the rule did not go into effect until January 1, 1968.
Accordingly, in answer to the question certified to this court, we hold that the provision of F.S. § 912.01 F.S.A. which disallows waiver of jury trial in cases “where a sentence of death may be imposed” is in conflict with and has been superseded by Rule 1.260 CrPR.
Because we consider that our decision involves a question of great public interest, we are certifying it for review on cer-tiorari by the Supreme Court of Florida, as provided for by Art. V, Section 4(2) of the Constitution of Florida, F.S.A.
It is so ordered.

. The penalty provided by § 794.01 is “death, unless a majority of the jury in their verdict recommend mercy, in -which event punishment shall be by imprisonment in the state prison for life, or for any term of years within the discretion of the judge.”

. McCall v. State, 135 Fla. 712, 185 So. 608; 136 Fla. 317, 186 So. 510; 136 Fla. 343, 186 So. 667.