229 So.2d 236 (1969)
The STATE of Florida, Petitioner,
v.
Domingo GARCIA, Respondent.
No. 38790.
Supreme Court of Florida.
December 10, 1969.
*237 Richard E. Gerstein, State's Atty., Jack R. Blumenfeld and Charles D. Edelstein, Asst. State's Attys., Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for petitioner.
Richard G. Taylor, Miami, for respondent.
ADKINS, Justice.
This cause is here on petition for writ of certiorari supported by certificate of the District Court of Appeal, Third District, that its decision reported in 224 So.2d 395 is one which involves a question of great public interest. See § 4(2), art. V, Fla. Const., F.S.A.
The only question presented is whether a trial by jury can be waived by a defendant who, under indictment for a capital offense, has pleaded not guilty. This question was answered in the affirmative by the District Court.
The Florida Statutes relating to this question are as follows:
"Whoever is convicted of a capital offense and recommended to the mercy of the court by a majority of the jury in their verdict, shall be sentenced to imprisonment for life; or if found by the judge of the court, where there is no jury, to be entitled to a recommendation to mercy, shall be sentenced to imprisonment for life, at the discretion of the court." (Emphasis supplied) F.S.A. § 919.23(2).
"In all cases except where a sentence of death may be imposed trial by jury may be waived by the defendant. Such waiver shall be made in open court and an indorsement thereof made on the indictment or information and signed by the defendant." (Emphasis supplied) F.S.A. § 912.01.
Sec. 3, art. V, Fla. Const., F.S.A., requires that the practice and procedure in all courts be governed by rules adopted by the Supreme Court. In accordance with this constitutional mandate this Court adopted the Florida Rules of Criminal Procedure which, by express provision, governs the "procedure of all criminal proceedings in state courts." Rule 1.010, Cr.P.R., 33 F.S.A.
*238 Rule 1.260, Cr.P.R., reads as follows:
"A defendant may, in writing, waive a jury trial with the approval of the court and the consent of the state."
The rule, having been adopted pursuant to the constitutional provision, supersedes any legislative enactment governing practice and procedure to the extent that the statute and the rule may be inconsistent. See Jaworski v. City of Opa-Locka, 149 So.2d 33 (Fla. 1963). The rules adopted by the Supreme Court are limited to matters of procedure, for a rule cannot abrogate or modify substantive law. In some instances it is difficult to determine whether a rule relates to a matter that is substantive or a matter that is procedural, but this difficulty does not exist in the case sub judice. Rule 1.260, Cr.P.R., merely prescribes the procedure and method of waiving a jury trial. It does not abrogate or modify substantive law.
Procedural law is sometimes referred to as "adjective law" or "law of remedy" or "remedial law" and has been described as the legal machinery by which substantive law is made effective. Substantive law has been defined as that part of the law which creates, defines, and regulates rights, or that part of the law which courts are established to administer. See 52A C.J.S., Law, page 741; 20 Am.Jur.2d, Courts, § 84.
The California Court in Estate of Gogabashvele, 195 Cal. App.2d 503, 16 Cal. Rptr. 77 (1961) said:
"As used in jurisprudence, the term `right' connotes the capacity of asserting a legally enforceable claim. Legal rights have been classified as substantive and remedial. Substantive rights are those existing for their own sake and constituting the normal legal order of society, i.e., the rights of life, liberty, property and reputation. Remedial rights arise for the purpose of protecting or enforcing substantive rights."
As related to criminal law and procedure, substantive law is that which declares what acts are crimes and prescribes the punishment therefor, while procedural law is that which provides or regulates the steps by which one who violates a criminal statute is punished. See State v. Augustine, 197 Kan. 207, 416 P.2d 281 (1966).
The right of trial by jury is a privilege conferred upon the person accused. The jury is not an indispensable part of the tribunal vested with jurisdiction to hear and determine criminal cases. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263, 273 (1930). In this case the United States Supreme Court said:
"The record of English and colonial jurisprudence antedating the Constitution will be searched in vain for evidence that trial by jury in criminal cases was regarded as a part of the structure of government, as distinguished from a right or privilege of the accused. On the contrary, it uniformly was regarded as a valuable privilege bestowed upon the person accused of crime for the purpose of safeguarding him against the oppressive power of the King and the arbitrary or partial judgment of the court."
The constitutional provision which guarantees an accused person the right of trial by jury assures him such a trial by claiming it or by withholding his consent to proceed without it. The Florida Constitution does not make the jury a constituent or essential part, necessary to the exercise of jurisdiction, of any court created or authorized by it.
Inherent in the privilege of a jury trial constitutionally preserved for the defendant is the right to waive it. By his waiver of a jury, when understandingly made, the defendant foregoes the participation in his trial of an instrumentality provided for his protection and the court, constitutionally created and vested with jurisdiction of the matter of the cause from its inception, will hear and determine it. See The Defendant's Right to Waive Jury Trial *239 in Criminal Cases by Richard C. Donnelly, 9 Fla.Law Rev. 247 (1956). The waiver of a jury trial is a procedural matter, and Rule 1.260, Cr.P.R., sets forth the manner in which this is accomplished. The Rule supersedes the Statute and controls in capital cases for, by operation of Rule 1.010, the rules govern all criminal procedure in state courts.
The District Court was correct in answering the question in the affirmative.
The writ of certiorari heretofore issued is
Discharged.
ERVIN, C.J., and ROBERTS, DREW and BOYD, JJ., concur.