### STATE v. HAYNIE.
No. 71-C-5992.
Circuit Court, Fifteenth Judicial Circuit.
May 9, 1972.

Harold Jeffrey Cohen, Assistant County Solicitor, for the state.

Allan L. Hoffman, West Palm Beach, for the defendant.

JAMES R. KNOTT, Circuit Judge.

This cause came on before me May 4, 1972 as an appeal by the state of Florida from the small claims-magistrate court, criminal division in and for Palm Beach County. The first question presented relates to whether the appellant, state of Florida, is entitled to demand a jury trial in a criminal case after the defendant-appellee ("defendant" hereafter) has transferred his case from a municipal court to the state court, and subsequently, waives a jury trial without the knowledge or consent of the state as represented by the county prosecutor.

The facts show that on June 30, 1971, the defendant was stopped by officer R. A. Froelich of the town of Jupiter police department and given two traffic tickets for violations of Jupiter's municipal ordinances. The first ticket was for speeding, and the second was for driving on the wrong side of the road.

The charges under the municipal ordinances of the town of Jupiter also constituted criminal violations of the laws of the State of Florida.[1] Pursuant to Florida Statute 932.61, 1970[2], the defendant petitioned for transfer of his case to a court providing trial by jury. The petition was granted and a written order of transfer entered by Jupiter Town Judge C. Wilson.

The defendant filed his petition for transfer together with Town Judge Wilson's order of transfer with the clerk of the small claims-magistrate court, criminal division, Palm Beach County, on August 26, 1971.

---

[1]. Florida Statute 317.221 — Speeding; and Florida Statute 317.251 — Driving on the Wrong Side of the Road.

[2]. Florida Statute 932.61 is the "transfer" statute and reads as follows:

*Transfer of county or municipal charge to court providing trial by jury.* — A person charged in a court with a violation of a county or municipal ordinance for which no jury trial is provided may, when the violation of a county or municipal ordinance is also a violation of a state law, cause the transfer of the violation to the

The state then filed information 71M-13323 pursuant to Florida Statute 932.63, 1970[3]. On September 28, 1971 the defendant pled not guilty to both counts in information 71M-13323 and the case was set for trial by jury on October 18, 1971. All motions were to be filed by October 8, 1971.

Nevertheless, on October 18, 1971, *without the knowledge or consent of the state of Florida,* the defendant was permitted to waive trial by jury and have the case reset for trial without a jury on November 8, 1971. The case was "struck" from the October 18, 1971 jury trial docket without the knowledge or consent of the state.

The state then filed a motion for jury trial when the case reappeared on the non-jury trial docket for November 8, 1971. A hearing on the state's motion was held on November 8, 1971.

On November 8, 1971 the lower court heard argument of respective counsel on the state's motion for jury trial and denied relief to the state. The state filed its appeal from the lower court's order denying its motion on that same day.

The Florida Rules of Criminal Procedure clearly state — "A defendant may, in writing, waive a jury trial with the approval of the court *and the consent of the state."* Rule 1.260 (Emphasis added.)

---

appropriate court in which a trial by jury is provided, in the following manner:

(1) Prior to the commencement of the trial in the court not providing trial by jury, the person charged, or his attorney, shall file a petition requesting transfer to the appropriate court providing trial by jury. The original petition shall be filed with the court where the charge is docketed and pending, and copies shall be furnished to the court where jury trial is provided and to the prosecuting authority of both courts . . .

3. Florida Statute 932.63 reads as follows:

*Filing of charges; petitioner not incarcerated.* — If the petitioner is not incarcerated, the prosecuting attorney shall, within thirty days of receipt of the petition, after due and diligent consideration and investigation of defendant's cause, file charges on behalf of the state against the defendant in the court providing criminal jury trial jurisdiction, or shall decline to file charges against the defendant, and the cause shall be dismissed upon the filing of a no true bill by the prosecuting attorney with the clerk. Upon failure of the prosecuting attorney to take action within thirty days, the cause shall be dismissed by the clerk of the court in which the cause is pending.

Whether or not the case is a "transfer case" under Florida Statute 932.61, a non-transferred felony or a non-transferred misdemeanor, the state is entitled to a jury trial and must consent to any waiver of jury trial by the defendant in a criminal case under the Florida Rules of Criminal Procedure. Since the state did not consent to the defendant's waiver of jury trial, and had no knowledge of the waiver at the time it took place, the lower court should have granted the state's motion for a jury trial.

Unfortunately, there is little case law directly concerning Florida Rule 1.260 as it relates to the state's demand for a jury trial. However, the Committee Note to Rule 1.260 states — "This is the *same* as Federal Criminal Rule 23(a). *This changes existing law by providing for consent of state.*" (Emphasis added.)

There is ample case law on Federal Criminal Rule 23(a) to support the proposition that the state must consent to any waiver of jury trial by a defendant. See Singer v. U.S., 380 U.S. 24 (1965); Riadon v. U.S., 274 F. 2d 305 (6th Cir. 1960); Dixon v. U.S., 292 F. 2d 768 (D.C. Cir. 1961); U.S. v. Igoe, 331 F. 2d 766 (7th Cir., 1964), cert. denied, 380 U.S. 989; U.S. v. Spock, 416 F. 2d 165 (1st Cir., 1969); U.S. v. Lutz, 420 F. 2d 414 (3d Cir., 1970); U.S. v. Bowles, 428 F. 2d 592 (2d Cir., 1970); and U.S. v. Barber, 297 F. Supp. 917 (D. Del., 1969).

Since Florida Rule 1.260 is the same as Federal Rule 23(a), the case law applicable to Federal Rule 23(a) is persuasive.

In *Dixon,* supra, Circuit Judge Burger (now chief justice of the United States Supreme Court), while discussing Federal Criminal Rule 23(a), stated at page 769 —

> "Thus three entities, the accused, the government and the court must concur before any criminal trial may be held without a jury . . . There is, of course, an absolute right to trial by jury in every criminal case, but there is no absolute right to trial by the court without a jury. A criminal trial may be conducted without a jury only under the conditions prescribed by Rule 23(a)."

Three years after *Dixon,* supra, the United States Court of Appeals for the Seventh Circuit was required to construe Federal Criminal Rule 23(a) in *Igoe,* supra.

*Igoe* involved a tax evasion violation of the U.S. Code. The case was set for trial and the defendant signed a waiver of jury trial which the district court approved. However, the government "clearly indicated its refusal to consent to such waiver." The district judge accepted the waiver, nevertheless, and required the

government to proceed to trial without a jury. The government refused to proceed unless a jury was empaneled. The district court, therefore, dismissed the case, and the government appealed.

Circuit Judge Knoch cited Rule 23(a) and declared — "Rule 23 is clear and unambiguous. For the defendant effectively to waive his constitutional right to trial by jury, he must secure both the approval of the court and the consent of the government."

More recently in *Bowles,* supra, the United States Court of Appeals for the Second Circuit reaffirmed the earlier holdings — ". . . there is no constitutional right to a non-jury trial. Under the Rule, the consent of the United States Attorney and the court is required."

Two years ago in *Lutz,* supra, the Third Circuit Court of Appeals held that where a mistrial was declared, the prosecution was not bound by its consent to a waiver of jury at the first trial. Each party was free to assert or waive his rights at the second trial under Federal Rule 23(a). The prosecution was free to require a jury trial on the second time around, and a jury trial was had.

Several other states require the consent of the prosecutor for an effective waiver of jury trial. For example see People v. Washington, 458 P. 2d 479 (Cal., In Bank, 1969) ; People v. King, 463 P. 2d 753 (Cal., In Bank, 1970).

Finally, the United States Supreme Court has discussed the whole history of the problem at bar. In a learned opinion by retired Chief Justice Warren, the court stated —

> "In upholding the validity of Rule 23(a), we reiterate the sentiment expressed in Berger v. United States, 295 U.S. 78 . . . that the government attorney in a criminal prosecution is not an ordinary party to a controversy, but a 'servant of the law' with a 'twofold aim . . . that guilt shall not escape or innocence suffer.' It was in light of this concept of the role of prosecutor that Rule 23(a) was framed, and we are confident that it is, in this light that it will continue to be invoked by government attorneys. Because of this confidence in the integrity of the federal prosecutor, Rule 23(a) does not require that the government articulate its reasons for demanding a jury trial at the time it refuses to consent to a defendant's proffered waiver." *Singer,* supra.

Even before the adoption of the present Florida criminal rules, the Florida Supreme Court recognized that there was no constitutional right to a non-jury trial. In Zellers v. State, 189 So. 236 (Fla., 1936) the Florida Supreme Court quoted the United States

Supreme Court at length, indicating that it was looking for guidance on the issue at bar to the federal judiciary. The court stated—

> "In affirming the power of the defendant in any criminal case to waive a trial by a constitutional jury and submit to trial by a jury of less than twelve persons, or by the court, we do not mean to hold that the waiver must be put into effect at all events."

Again, in Jones v. State, 20 So.2d 901 (Fla., 1945), the Florida Supreme Court indicated —

> "We find nothing in our statutes which requires trial courts to dispense with a jury where the same is waived, or offered to be waived, by a defendant on trial."

Indeed, if the issue remained unsolved prior to the adoption of Florida Criminal Rule 1.260, the Rule Note itself now declares — "This changes existing law by providing for consent of state."

In State v. Garcia, 224 So.2d 395 (3d D.C.A., 1969), the Florida District Court of Appeal for the Third District discussed Rule 1.260 —

> "The rule was taken from a similar Federal rule of procedure, which was influenced by court decisions suggesting the need and benefit of retaining court control over exercise of the privilege of a defendant to waive trial by jury, and *to permit the prosecution to require jury trial notwithstanding a desire of the defendant to waive it.*" (Emphasis added).

Although the question in *Garcia,* supra, was whether a jury trial could be waived by a defendant who pled not guilty to rape, a capital offense under Florida Statute 794.01, the court did mention —

> ". . . the interests of the state and of such defendants are adequately preserved by the rule, by making the waiver of jury trial dependent upon 'approval of the court, and the consent of the state.' "

In *Garcia,* supra, the state had not opposed the waiver of jury trial. The issue was before the District Court of Appeal, and later the Supreme Court of Florida, because the trial judge wanted to know if a jury trial *could* be waived while the Florida statute prohibiting a waiver in capital cases was still in effect.

The Supreme Court settled the issue of whether a waiver was permissible in capital cases in State v. Garcia, 229 So.2d 236 (Fla., 1969). It upheld the district court's ruling that a waiver was

permissible in capital cases and eliminated a conflict between the Florida statutes and Florida Rules of Criminal Procedure. However, since the state had not objected to a waiver in *Garcia*, supra, the Supreme Court never reached the issue at bar. Instead it left the district court's discussion of Florida Rule 1.260 and Federal Rule 23(a) intact.

Unfortunately, without a more definite discussion by the Florida courts concerning the issue at bar, we must rely heavily on the federal cases discussing a federal rule which is the same as our own Rule 1.260.

Furthermore, the state's demand to have a jury trial is most reasonable under the facts of this case because the state is only seeking to hold the defendant to the jury trial he himself sought in the lower court by filing his petition for transfer. [4]

As to the state's second point on appeal, regarding "re-transfers" back to municipal courts for non-jury trial the matter has been previously resolved. See Op. Atty. Gen. 071.237. [5]

Upon consideration of the briefs and argument of respective counsel, it is ordered and adjudged that this cause be remanded to the small claims-magistrate court, criminal division, in and for Palm Beach County, for further proceedings not inconsistent with this order.

---

[4.] Defendant's petition for transfer reads as follows:
"I desire a trial by jury and seek a transfer of the above charges to a court of this county providing criminal trial trial by jury."

[5.] It is interesting to note the same opinion states:
". . . it is clear that a defendant who is charged in a transferee 'state court' may waive trial by jury in writing with the approval of the court and the *prosecuting attorney* . . . if both the court *and the prosecuting attorney* consent to the waiver."