834 So.2d 378 (2003)
Ellen Marie CUC, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4886.
District Court of Appeal of Florida, Fourth District.
January 15, 2003.
Carey Haughwout, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for appellee.
SHAHOOD, J.
The seminal issue raised by appellant, Ellen Marie Cuc, is that the trial court violated her right to due process of law under the Florida and United States Constitutions when it excluded the defense of voluntary intoxication pursuant to section 775.051, Florida Statutes (2000). We affirm.
Appellant acknowledges that the United States Supreme Court held in Montana v. Egelhoff, 518 U.S. 37, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996), that a Montana statute similar to Florida's 775.051 did not violate the due process clause of the Fourteenth Amendment of the United States Constitution.
In Egelhoff, after concluding that the voluntary intoxication defense is not a fundamental right of a criminal defendant, the Supreme Court held as follows:
"The doctrines of actus reus, mens rea, insanity, mistake, justification, and duress have historically provided the tools for a constantly shifting adjustment of the tension between the evolving aims of the criminal law and changing religious, moral, philosophical, and medical views of the nature of man. This process of *379 adjustment has always been thought to be the province of the States." Powell v. Texas, 392 U.S. 514, 535-536, 88 S.Ct. 2145, 2156, 20 L.Ed.2d 1254 (1968) (plurality opinion). The people of Montana have decided to resurrect the rule of an earlier era, disallowing consideration of voluntary intoxication when a defendant's state of mind is at issue. Nothing in the Due Process Clause prevents them from doing so, and the judgment of the Supreme Court of Montana to the contrary must be reversed.
Id. at 56, 116 S.Ct. 2013.
As in Egelhoff, the people of the State of Florida have decided to resurrect the rule that intoxication is not a defense to specific intent crimes. See § 775.051, Fla. Stat. (2000). We accordingly affirm. We also affirm as to the second issue raised by appellant.
AFFIRMED.
POLEN, C.J., and GROSS, JJ., concur.