862 So.2d 44 (2003)
Peter BARRETT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5257.
District Court of Appeal of Florida, Second District.
September 26, 2003.
Rehearing Denied December 8, 2003.
*45 Peter Barrett, pro se.
James Marion Moorman, Public Defender, and Celene Humphries, Special Assistant Public Defender, Bartow (dismissed after briefing), for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Peter Barrett appeals his conviction for first-degree murder and asserts that the trial court erred in holding that section 775.051, Florida Statutes (2001), is constitutional. Barrett claims that section 775.051, which eliminates voluntary intoxication as a defense to criminal charges, is unconstitutional because it violates his right of procedural due process under the Florida Constitution. He argues that the statute improperly excludes a class of relevant evidence and lessens the State's burden to prove his guilt beyond a reasonable doubt. We affirm but write to address Barrett's constitutional challenge. Barrett also raises several other issues, and we affirm those without discussion.
Section 775.051 provides that:
Voluntary intoxication resulting from the consumption, injection, or other use of alcohol or other controlled substance as described in chapter 893 is not a defense to any offense proscribed by law. Evidence of a defendant's voluntary intoxication is not admissible to show that the defendant lacked the specific intent to commit an offense and is not admissible to show that the defendant was insane at the time of the offense, except when the consumption, injection, or use of a controlled substance under chapter 893 was pursuant to a lawful prescription issued to the defendant by a practitioner as defined in s. 893.02.
In considering the statute's constitutionality, we are bound "to resolve all doubts as to the validity of [the] statute in favor of its constitutionality, provided the statute may be given a fair construction that is consistent with the federal and state constitutions as well as with the legislative intent." State v. Stalder, 630 So.2d 1072, 1076 (Fla.1994) (alteration in original) (quoting State v. Elder, 382 So.2d 687, 690 (Fla.1980)).
The trial court allowed Barrett to present evidence of his intoxication, but, pursuant to section 775.051, it did not allow him to argue or to present expert testimony that his intoxication prevented him from forming the requisite mental intent to commit first-degree murder. Also, the trial court instructed the jury that voluntary intoxication *46 is not a defense to premeditated murder and could not be considered when determining whether Barrett acted with premeditation.
In a recent decision, the Fourth District Court of Appeal held that section 775.051 does not violate federal or Florida due process guarantees. Cuc v. State, 834 So.2d 378 (Fla. 4th DCA), review denied, 847 So.2d 975 (Fla.2003). The court relied on the United States Supreme Court's decision in Montana v. Egelhoff, 518 U.S. 37, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996), which held that a similar Montana statute does not violate federal due process principles. Cuc, 834 So.2d at 378.
In Egelhoff, the Supreme Court reviewed section 45-2-203 of the Montana Code Annotated, noting that it "provides, in relevant part, that voluntary intoxication `may not be taken into consideration in determining the existence of a mental state which is an element of [a criminal] offense.'"[1]Egelhoff, 518 U.S. at 39-40, 116 S.Ct. 2013. Egelhoff had been charged with "`purposely' or `knowingly' causing the death of another human being." Id. at 40, 116 S.Ct. 2013 (citation omitted). Egelhoff claimed that due to his extreme intoxication, he was physically unable to commit the murders. Id. at 41, 116 S.Ct. 2013. At trial, he was permitted to present evidence that he was intoxicated, but the jury was instructed, pursuant to section 45-2-203, "that it could not consider [Egelhoff's] `intoxicated condition ... in determining the existence of a mental state which is an element of the offense.'" Id. at 41,116 S.Ct. 2013.
The Supreme Court, in a plurality opinion,[2] stated that the cornerstone of the Montana Supreme Court's reversal of Egelhoff's convictions was that section 45-2-203 violated his right of due process because "the Due Process Clause guarantees a defendant the right to present and have considered by the jury `all relevant evidence to rebut the State's evidence on all elements of the offense charged.'" Id. at 41-42, 116 S.Ct. 2013 (quoting State v. Egelhoff, 272 Mont. 114, 900 P.2d 260, 266 (1995)). The Supreme Court rejected the Montana Supreme Court's premise and noted that various evidentiary rules exclude relevant evidence. Id. at 42, 116 S.Ct. 2013. The Court stated that in order to demonstrate a due process violation, Egelhoff had "to establish that a defendant's right to have a jury consider evidence of his voluntary intoxication in determining whether he possesses the requisite mental state is a `fundamental principal of justice.'" Id. at 43, 116 S.Ct. 2013.
After reviewing the historical development of the law concerning the intoxication defense, the Court concluded that a defendant does not have a fundamental right to have a jury consider evidence of voluntary intoxication in relation to his or her mens rea. Id. at 51, 116 S.Ct. 2013. The Court *47 rejected the argument that section 45-2-203 was unconstitutional because it lessened the State's burden of proof. Id. at 55, 116 S.Ct. 2013. While the exclusion of evidence might make it easier for the State to prove mens rea, such an effect is not unconstitutional because it does not violate a fundamental principle of fairness. Id. at 55, 116 S.Ct. 2013.
Justice Ginsburg concurred with the decision in Egelhoff but presented a different analysis. She considered whether Montana's statute operated as a rule of evidence or was a substantive change in the law as to the mens rea element of the offense. Id. at 57-60, 116 S.Ct. 2013. Justice Ginsburg reasoned that if the statute were evidentiary in nature and excluded an entire class of relevant evidence which tended to disprove the existence of the requisite mental intent, then the statute would violate due process. Id. at 57, 116 S.Ct. 2013. However, if the statute operated as a substantive change in Montana's law that defined the mens rea requirement for the crime, it would not offend due process principles because the states are given wide latitude in defining the elements of crimes. Id. at 57-58, 116 S.Ct. 2013. Justice Ginsburg concluded that the Montana statute worked a substantive change in the mens rea requirement and, thus, did not violate federal due process. Id. at 58-60, 116 S.Ct. 2013.
Here, Barrett acknowledges that the Florida statute is similar to the Montana statute that was addressed in Egelhoff.[3] However, he asserts that the Florida Constitution provides broader due process protections than the Federal Constitution, requiring the conclusion that section 775.051 violates the Florida Constitution.
The due process language used in the Florida and United States Constitutions is virtually identical. Article I, section 9 of the Florida Constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law." The Fifth Amendment to the United States Constitution provides, in pertinent part, that "[n]o persons shall be ... deprived of life, liberty, or property, without due process of law." Section 1 of the Fourteenth Amendment to the United States Constitution provides, in pertinent part, that no state shall "deprive any person of life, liberty, or property, without due process of law."
Barrett argues that State v. Griffin, 347 So.2d 692 (Fla. 1st DCA 1977), and Haliburton v. State, 514 So.2d 1088 (Fla.1987), demonstrate that the Florida Constitution provides greater due process protection than does the United States Constitution. Griffin involved an analysis of a defendant's right to a speedy trial under the Sixth Amendment to the United States Constitution and noted that the Florida Supreme Court had adopted a rule of procedure that established specific time periods under Florida's constitutional speedy trial provision. Id. at 695. The Griffin court then stated, without citation to any authority, that "Florida due process standards in many instances exceed federal standards as defined by the United States Supreme Court." Id. at 696. That statement appears to be obiter dictum and was not necessary to or a part of the court's holding.
In Haliburton, the court determined that certain police conduct violated the due process provision of the Florida Constitution. *48 However, the court did not hold or suggest that the basis for the decision was that the due process provision of the Florida Constitution is to be construed more broadly than the Due Process Clause of the United States Constitution.
Additionally, in considering whether section 775.051 is a substantive change to the mens rea element of criminal conduct or is simply a rule of evidence, we note that the Florida Supreme Court has stated that "substantive law is that which declares what acts are crimes and prescribes the punishment therefor, while procedural law is that which provides or regulates the steps by which one who violates a criminal statute is punished." State v. Garcia, 229 So.2d 236, 238 (Fla. 1969). However, the distinction between what is substantive and procedural law is not always simple or certain. See Caple v. Tuttle's Design-Build, Inc., 753 So.2d 49, 53 (Fla.2000); Garcia, 229 So.2d at 238.
Substantively, section 775.051 addresses the mens rea element of criminal offenses by stating that voluntary intoxication is not a defense to criminal conduct and cannot be used to show that the defendant lacked the specific intent to commit a crime. This is consistent with the State's interest in making persons who voluntarily become intoxicated responsible for their behavior. See Egelhoff, 518 U.S. at 49-50, 116 S.Ct. 2013. However, the statute also addresses procedural matters by excluding, at trial, evidence of voluntary intoxication.
Although section 775.051 has both substantive and procedural elements, this does not render the statute constitutionally infirm when the procedural provisions "are intimately related to the definition of those substantive rights." See Caple, 753 So.2d at 54. As was the case with the Montana statute under Justice Ginsburg's analysis, section 775.051 effects a substantive change in the definition of mens rea, and it is not simply an evidentiary rule. See Egelhoff, 518 U.S. at 57-60, 116 S.Ct. 2013.
In summary, we reject Barrett's due process argument and affirm his conviction and sentence for the following reasons: (1) the due process language contained in the United States and Florida Constitutions is comparable, and there is no basis to conclude that the Florida Constitution provides greater protections to Barrett than does the United States Constitution in relation to the elimination of voluntary intoxication as a defense to a criminal offense; and (2) the due process analysis in Egelhoff applies equally under the Florida and United States Constitutions.
Affirmed.
WHATLEY and CASANUEVA, JJ., Concur.
NOTES
[1] In State v. Egelhoff, 272 Mont. 114, 900 P.2d 260, 264 (1995), the Montana Supreme Court quoted section 45-2-203, as follows:

"A person who is in an intoxicated condition is criminally responsible for his conduct and an intoxicated condition is not a defense to any offense and may not be taken into consideration in determining the existence of a mental state which is an element of the offense unless the defendant proves that he did not know that it was an intoxicating substance when he consumed, smoked, sniffed, injected, or otherwise ingested the substance causing the condition."
[2] Justice Scalia wrote the plurality opinion and was joined by Chief Justice Rehnquist and Justices Kennedy and Thomas. Justice Ginsburg concurred in the judgment but for different reasons than those expressed in the plurality opinion. Justices O'Connor, Stevens, Souter, and Breyer dissented.
[3] We note that the Florida Legislature was aware of the Supreme Court's decision in Egelhoff when it enacted section 775.051. See Fla. H.R. Comm. on Crime & Pun., CS for HB 421 & 485 (1999) Staff Analysis 3 (Mar. 3, 1999) (available at http://www.flsenate. gov/data/session/1999/House/bills/analysis/ pdf/HB0421S1.CP.pdf).