EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CARMEN VÉLEZ POSADA y FABRICIANO VÉLEZ, acusados y apelantes.

No. 3080.—*Visto:* Abril 1, 1927. *Resuelto:* Abril 8, 1927.

1. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—DELITOS—NATURALEZA Y ELEMENTOS DE LOS MISMOS—DELITOS DIFERENTES EN UNA MISMA TRANSACCIÓN.—El hecho de que la prueba demuestre que con motivo de un acometimiento y agresión se alterara la paz, no quiere decir que el delito de acometimiento y agresión deje de existir.

2. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—DELITOS—ACOMETIMIENTO Y AGRESIÓN GRAVE—ACOMETIMIENTO Y AGRESIÓN REALIZADO CON UN BASTÓN.—Cuando, según se alega en la denuncia y lo demuestra la prueba, un acometimiento y agresión se realiza con un bastón, puede y debe calificarse de grave.

3. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—DELITOS—PERSONAS RESPONSABLES DE LOS MISMOS—PERSONAS QUE AYUDAN EN LA COMISIÓN DEL DELITO.—Cuando en proceso por acometimiento y agresión grave por dos personas, la prueba de cargo establece que una ayudó a la otra en la comisión del delito, no erró la corte al condenar a ambas personas como autores del mismo.

4. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—PROCESO Y CASTIGO
—PENA IMPUESTA.—*Atendidas las circunstancias concurrentes, se resolvió*
*que la pena impuesta era más bien benigna que excesiva.*

SENTENCIA de *Domingo Sepúlveda,* J. (San Juan), condenando a los
acusados por acometimiento y agresión grave. *Confirmada.*

R. *Sancho Bonet,* abogado de los apelantes; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Fabriciano y Germán Vélez fueron acusados como autores de un delito de acometimiento y agresión grave cometido en la persona de Ignacio Gómez.

Celebrado el juicio en el que ambas partes introdujeron y practicaron pruebas, la corte declaró culpables a los acusados y los condenó a pagar, cada uno, trescientos dólares de multa y en su defecto a sufrir un día de cárcel por cada dólar dejado de satisfacer, no excediendo la prisión en ningún caso de noventa días.

No conformes los acusados apelaron para ante este tribunal. En su alegato establecen varios errores que estudiaremos en el orden en que han sido señalados.

[1] Sostienen los apelantes que la corte erró al estimar que el delito cometido fué uno de acometimiento y agresión y no de alteración de la paz.

No hay duda alguna de que la acusación imputa la comisión de un delito de acometimiento y agresión. Dicho delito se define así:

"Todo acto ilegal de inferir algún daño violento en la persona de algún semejante con la intención de causarle daño, cualesquiera que sean los medios o el grado de violencia que se emplearen, . . . ."

Sección 1 de la vigente ley sobre la materia aprobada en 1904.

Y la prueba fué congruente con la acusación. El primer testigo del fiscal, José N. Quiñones, en lo pertinente dijo:

"El día de autos estaba yo por la noche entre ocho y nueve en frente al Teatro Rialto, cuando de pronto siento un golpe y la acumulación de gente; casi a un metro o dos de donde yo estaba vi que estos dos acusados, el más pequeño, no los conozco, le daba a otro, a este señor que está aquí presente, el Dr. Juan Ignacio Gómez, y el otro acusado, el más alto mientras el pequeño le sujetaba este señor le daba al Dr. Gómez por detrás con un bastón en la cabeza. Es todo lo que yo vi."

El segundo testigo, Enrique Fuentes, policía insular, manifestó:

"Para eso de las ocho y media, una cosa así, estaba yo atendiendo al servicio de las guaguas de tráfico y al momento veo que la gente corría y al ver el movimiento de la gente correr, miro hacia atrás y estaba aquel señor agarrado con aquél, con el joven y el otro, pues le agredía por encima con ese bastón."

    \*       \*       \*       \*       \*       \*       \*

"Al momento los cogí a los dos; al señor le quité la varilla y le dije: 'Ud. está arrestado' cogí al otro y le dije, 'Ud. está arrestado también', y los mandé con otro guardia al cuartel, cogí al otro que estaba herido y como era mucha la sangre cogí un carro y lo llevé a curar."

El hecho de que la prueba demuestre que con motivo del acometimiento y agresión se alterara la paz, no quiere decir que el delito dejara de existir para convertirse en otro de naturaleza distinta.

[2] Sostienen de igual modo los apelantes que la corte erró al concluir que el delito se cometió con un bastón y calificarlo en tal virtud de grave, y citan el caso de *El Pueblo* v. *Marini,* 22 D.P.R. 11. La jurisprudencia establecida en dicho caso es como sigue:

"Lo que constituye esencialmente el delito de acometimiento y agresión con circunstancias agravantes, de acuerdo con el párrafo 6 de la sección 6 de la Ley, es el uso de un instrumento por virtud del cual se infiere deshonra a la persona agredida, y cuando se desea alegar que se ha hecho uso de un foete, azote o bastón, o instrumento semejante, debe hacerse constar así en la denuncia."

En la denuncia se consignó expresamente que la agravante en el caso consistía "en que los acusados realizaron el acometimiento y agresión con un bastón que es un instrumento que infiere deshonra a la person agredida."

El bastón fué ocupado y presentado como prueba. Esta es abundante sobre el particular. Nos limitaremos a transcribir las palabras de uno de los acusados, Fabriciano Vélez, dicen:

"Que yo ataco fuertemente a los falsificadores y él no ha hecho eso, sino lo contrario, y ésa es la razón y al estar en el Rialto, como dije antes, volvió a decirnos las mismas palabras y yo le pregunté: '¿Por qué Ud. nos ataca a nosotros?' y me contestó con una bofetada y yo le contesté con un bastonazo, agresión por agresión."

Y luego a la siguiente pregunta del fiscal: "¿Ud. ha usado siempre bastón?" contestó, refiriéndose al bastón ocupado, "Toda la vida; ése lo traje desde el 21 que estuve en Colombia."

[3] Alegan los apelantes además que en todo caso fué errónea la declaración de culpabilidad del acusado Germán Vélez porque la prueba demostró que dicho acusado la única intervención que tuvo fué la de separar a los contendientes.

La prueba fué en verdad contradictoria. La de la Defensa tiende a demostrar lo que ella dice pero la del fiscal establece que Germán Vélez sujetó al perjudicado mientras su padre, el otro acusado, Fabriciano Vélez lo acometía y agredía con su bastón. El conflicto fué resuelto en contra del acusado y no se ha demostrado error. El artículo 36 del Código Penal no sólo considera como principales o autores a los que directamente cometen el acto delictivo, sino a los que ayudan a cometerlo y si Germán Vélez realizó los actos que estimó probados el juez sentenciador, no hay duda alguna que ayudó en la comisión del delito y fué debidamente considerado como uno de sus autores.

[4] Por último insisten los apelantes en que la pena es excesiva. No estamos conformes.

El delito de acometimiento y agresión puede castigarse con multa que llegue a mil dólares y prisión que no exceda de dos años. Se trata de un caso serio y más bien la pena parece benigna que excesiva.

*Debe confirmarse la sentencia apelada.*