## LOPER v. UNITED STATES.

Circuit Court of Appeals, Tenth Circuit.
Jan. 29, 1947.

Willard Hanson, of Salt Lake City, Utah (Milton A. Melville, of Fillmore, Utah, and Ray S. McCarty, of Salt Lake City, Utah, on the brief), for appellant.

Scott M. Matheson, of Salt Lake City, Utah (Dan B. Shields, U.S.Atty., and Oliver K. Clay, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for the United States.

Before PHILLIPS and MURRAH, Circuit Judges, and CHANDLER, District Judge.

CHANDLER, District Judge.

Arthur Fred Loper was convicted of violating the National Cattle Theft Act, 18 U.S.C.A. § 419b, and has appealed to this court.

The record discloses that defendant filed a motion to dismiss the indictment on the ground that it did not state facts sufficient to constitute an offence against the United States, and on the ground that the property stolen was not sufficiently described. He also moved for acquittal at the conclusion of the evidence and filed a motion for a new trial, the grounds being substantially the same as those urged on appeal, namely, that there was a fatal variance between the allegations of the indictment and the proof adduced, and that the evidence was insufficient to justify the verdict.

The indictment charges, in part, "That heretofore, to-wit, on or about the 14th day of November, 1945, at Hamlin Valley, in the District of Utah, certain goods, wares and merchandise, to-wit, 4 long-

eared calves were stolen from the owners thereof, Young Brothers of Burbank, Utah, Henry Hammond of Ursine, Nevada, and David Francis of Ursine, Nevada, by one Arthur Fred Loper, * * *."

■ Appellant contends that the indictment charges a joint ownership of the calves by the persons named. The proof showed individual ownership of specific calves by these persons. If joint ownership is charged there is a variance. However, it is unnecessary to decide this question since we deem the variance, if any, to be immaterial. An examination of the entire record discloses that no substantial prejudice to the defendant resulted therefrom. It did not mislead him at the trial and he is protected against another prosecution for the same offense.

■ A variance between indictment and proof is material only when it is shown that substantial prejudice to the accused resulted therefrom. 28 U.S.C.A. § 391; 18 U.S.C.A. § 556; Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; United States v. Cohen, 2 Cir., 145 F.2d 82.

Defendant was indicted prior to March 21, 1946, the effective date of the Rules of Criminal Procedure, 18 U.S.C.A. following section 687, and was tried thereafter. Rule 52(a) is merely a restatement of the foregoing rule of law in the following language: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

■ The second contention is that the evidence was insufficient to justify the verdict. Appellant contends that he in good faith believed that the calves were his own and that there was no intent to steal them shown by the evidence. It is true that under the law of Utah (Utah Code Annotated, 103—36—1) intent is a necessary element of the crime of larceny. And felonious intent to steal the calves was a fact which it was necessary to establish by the evidence, since we must look to the law of the place where the property was taken in order to determine whether it was "stolen" within the meaning of the Act.

■ There was ample evidence to sustain the verdict. Intent is not always disclosed by what one says, but is determined by what one says and does, or fails to say and do in a given situation, together with the other facts and circumstances surrounding the transaction.

The judgment is affirmed.