## UNITED STATES v. PERILLO et al.

### No. 66, Docket 20735.

Circuit Court of Appeals, Second Circuit.

Dec. 3, 1947.

Henry K. Chapman, of New York City, for appellant.

John F. X. McGohey, U. S. Atty., of New York City (Bruno Schachner, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

After a jury trial in the District Court for the Southern District of New York the appellant and one Perillo were convicted and sentenced on ·one count of an indictment.charging violations of two sections of the Narcotic Importation Act, 21 U.S.C.A. §§ 173, 174, and also on a second count charging violation of 18 U.S.C.A. § 88 by conspiring to commit the substantive offense. The appeal is based mainly upon the claimed insufficiency of the evidence to support the verdict and judgment though there is a related question as to the admissibility of certain evidence.

The pertinent facts may be stated as follows. One Elsie Zick, a woman who had twice been convicted of violation of the narcotic statutes and had become an informer for the government, while acting in that capacity arranged to meet Perillo in New York City on the evening of April 9, 1945. She met him according to the appointment and he agreed to obtain some narcotics for her to buy. He then left her and she saw him approach the appellant and talk with him but could not hear what was said. Perillo then returned to where she was and told her "that fellow is going to get that heroin now and he will be back and we will wait until about ten minutes." He also told her the price and, when she protested that it was too high, he went back and spoke to the appellant and one Stoppelli, who was also indicted but not tried. Perillo again returned and told her that they would let her have the heroin at a lower price because she was going to be a good customer. She thereupon gave Perillo the money to buy the narcotics and later saw him talking with Stoppelli and one McKee but did not see him turn it over to either of them. She did see Stoppelli hand Perillo a paper bag which the latter delivered to her. The bag contained two packages of heroin and a fingerprint of the appellant was found on it.

Except for the testimony of a narcotic agent who from a distance observed what was done, there was no other evidence to connect the appellant with the sale of the narcotics or the conspiracy charged. He insists that the proof was less than adequate because not only largely circumstantial but all inferences of fact necessary to finding him guilty had to be drawn not from proved basic facts but from the inference that he had handled the bag. The drawing of one inference from another in this manner is said to be condemned in Manning v. John Hancock Mutual Life Insurance Co., 100 U.S. 693, 25 L.Ed. 761; Freeman v. United States, 3 Cir., 20 F.2d 748; and Brady v. United States, 8 Cir., 24 F.2d 399, certiorari denied, 278 U.S. 603, 49 S.Ct. 10, 73 L.Ed. 531.

We find no occasion to discuss the abstract proposition as to when an inference is not a permissible one because another inference removes it too far from established fact. Appellant's fingerprint being on the bag was not the only fact tending to show his guilt. The evidence of the informer shows that the appellant had some conversation with Perillo while the latter was making the arrangements which resulted in the sale and delivery of the narcotics. If, as we must now take for granted in the light of the verdict, the jury believed the informer testified truthfully as to what then happened in so far as she could see and hear, it had ample basic facts from which to infer that Perillo, Stoppelli, and the appellant conspired to make the sale and acted as described in carrying out the conspiracy. Such proof was enough to make what Perillo said to the informer at the time the sale was being negotiated admissible, on familiar principles, against the appellant on the conspiracy count. Wiborg v. United States, 163 U.S. 632, 16 S.Ct. 1127, 1197, 41 L.Ed. 289. Had it not also been admissible against him on the substantive count, protection, at least theoretically, might have been afforded by instructing the jury to use it only in connection with the alleged conspiracy, but no such request was made. We think, however, the evidence was admissible on both counts and for substantially the same reasons. The order in which evidence is admitted is a matter of discretion. Before the evidence was closed all the facts above outlined had been established prima facie and they were ostensibly sufficient to support a finding that the appellant made Perillo his agent to convey to

the informer the fact that he would soon make the narcotics available to her. Such proof of agency made the agent's representations admissible against his principal in this criminal prosecution just as it would have in a civil action. United States v. Gooding, 12 Wheat. 460, 469, 470, 6 L.Ed. 693; Goldsmith v. United States, 2 Cir., 42 F.2d 133, 138, 139, certiorari denied, 282 U. S. 837, 51 S.Ct. 26, 75 L.Ed. 743.

Judgment affirmed.