### FERRARI v. UNITED STATES.

No. 11656.

Circuit Court of Appeals
Ninth Circuit.

July 29, 1948.

Hallinan, MacInnis & Zamloch, Ralph B. Wertheimer, and James Martin MacInnis, all of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Robert F. Peckham, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellant was convicted of a violation of the Jones-Miller Act, § 2, 21 U.S.C.A. §

174. He was charged with fraudulently concealing and facilitating the concealment of one bindle containing a dram of heroin which, as appellant well knew, had been imported into the United States contrary to law.

■ The evidence in the instant case, with the exception of the party with whom appellant is charged with having acted in facilitating the concealment of the drug heroin and the material dates, is identical with evidence in the case of Pitta v. United States, 164 F.2d 601, decided by this court on December 3, 1947.

It is contended in the instant case, as it was contended in the Pitta case, that the evidence is insufficient to "bring into play" the presumption contained in the Jones-Miller Act, viz.: "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." In the Pitta case this court held the contention to be without merit and upon the authority of that case we reject it here.

Appellant asks reversal of the judgment on other grounds:

■ First: An alleged fatal variance between the allegations contained in one count of the indictment and the evidence adduced at the trial. The indictment charges appellant with receiving heroin from one Bruno; the proof establishes one Flier to be the person with whom appellant was associated in the illegal use and concealment of the drug. That a variance exists is apparent, and the inquiry is, therefore, whether or not such variance in any manner affected the substantial rights of appellant. Appellant was informed of the nature of the charge against him so that he was enabled to present his defense, was not taken by surprise and is protected against another prosecution for the same offense; such being the result the variance was not fatal. Berger v. United States, 295 U.S. 78, 81, 55 S.Ct. 629, 79 L.Ed. 1314.

Appellant testified that he was in Palm Springs on the evening of the 5th of January, 1946, and therefore could not have been present in the rear liquor rooms of the Stardust Bar in San Francisco, California, as the testimony of witnesses for the government indicated. It was not prejudicial to the presentation of such a defense that the man alleged to have accompanied appellant to the room in the rear of the Stardust Bar on the said date was incorrectly named in the indictment. The important allegations were those relating to time, place and acts. Furthermore, both Bruno, the man named in the indictment as being present with appellant at the time the offense was alleged to have been committed, and Flier, the man the evidence disclosed as actually there with appellant, were present at the trial and each testified on appellant's behalf. In the light of this situation it is difficult to understand in what manner appellant could have been in a better position to present all the defenses he may have had merely by the substitution of Flier for Bruno in the indictment. Count One of the indictment was not a conspiracy count. The conspiracy charge contained in Count Fifty-six was dismissed, and no charge of a sale between appellant and another person was made. Hence, the facts presented in support of the charge in Count One were of such a nature as to make it apparent appellant could not be prosecuted again for the same offense. An examination of the entire record convinces us that the technical error complained of did not affect the substantial rights of appellant and, hence, should be disregarded. Federal Rules of Criminal Procedure Rule 52(a), 18 U.S.C.A. following section 687.

■ Second: Appellant asserts that the United States District Judge before whom he was tried was biased and prejudiced against him and, hence, unable to accord appellant a fair and impartial trial. A jury trial was waived and appellant voluntarily agreed that the case be tried before the court.

Appellant, in support of this second assignment of error, asserts that the trial Judge had, subsequent to the time he had consented to a trial before the court with-

out a jury, heard testimony of a narcotic agent given in another case in which appellant was not a defendant; that appellant's name was mentioned therein in connection with very damaging evidence. No affidavit of prejudice was filed. Appellant excuses this failure on the ground that he did not become possessed of the information in time to present such an affidavit. Accepting the appellant's reason for such failure we have examined the contention and find it to be without merit. The record fails to disclose a single instance wherein the court acted in any other manner than with due regard to appellant's constitutional rights and safeguards. There is no indication that the trial judge failed to discharge his official responsibilities properly and his acts are clothed with the presumption that he did so. Hall v. Johnson, 9 Cir., 91 F.2d 363. Section 21 of the Judicial Code, 28 U.S.C.A. § 25, provides that as a prerequisite to the disqualification of a judge personal bias must be shown, which has been held to be an attitude of extrajudicial origin. Craven v. United States, 1 Cir., 22 F.2d 605. Judicial opinion formed on evidence in a hearing against others is not personal bias or prejudice requisite to the right of disqualification. Parker v. New England Oil Corp., D.C., 13 F.2d 497.

Judgment affirmed.