**NEAL v. UNITED STATES.**
No. 10554.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 11, 1950.

Decided Nov. 9, 1950.

Writ of Certiorari Denied Feb. 26, 1951.

Mr. Henry Lincoln Johnson, Jr., Washington, D. C., with whom Messrs. Curtis P. Mitchell and B. Dabney Fox, Washington, D. C., were on the brief, for appellant.

Mr. Jerome Powell, Asst. U. S. Atty., Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty. and Joseph M. Howard and William S. McKinley, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, PROCTOR and FAHY, Circuit Judges.

PROCTOR, Chief Judge.

This appeal is from a judgment of conviction and sentence upon an indictment charging, in separate counts, appellant and Andrew Norman with: (1) transferring marihuana cigarettes without written orders of a transferee on proper forms; and (2) obtaining the same without paying the transfer tax, in violation of the Marihuana Tax Act as amended, 26 U.S.C.A. § 2590, et seq.

Norman having pleaded guilty, the trial proceeded against appellant Neal. The Government's evidence tended to prove that Norman met Newkirk, a Government agent. Norman introduced Neal to Newkirk, who told Neal he wanted to purchase $15 worth of loose, or bulk, marihuana for two college students. Neal expressed doubt of getting bulk marihuana but, if not, said he would furnish marihuana cigarettes. He promised to contact his supplier and try to secure the bulk, and suggested that Newkirk return in about an hour. Newkirk then gave Neal $15 and was told by Neal that delivery would be made either by himsslf or by Norman, to which Norman gave assent. Newkirk returned to the meeting place and met Norman. Neal was not present. Norman produced 25 marihuana cigarettes, handing 15 to McPartland and 10 to Pappas, Government agents who were posing as the two college students. Norman did not ask for or receive any money.

With this background of events, the agents were allowed to testify, over objection, that Norman stated Neal had been unable to get the bulk marihuana so had sent $15 worth of cigarettes instead. The admission of this declaration forms the basis for the principal assignment of error. The contention is that the testimony was: (1) at variance with an alleged bill of particulars which indicated, *inter alia,* that negotiations for the purchase related only to bulk marihuana; (2) inadmissible hearsay.

The oral statement of the prosecutor, now claimed to be a bill of particulars, was made some time before trial incident to an argument before the court on motions of the defendants to dismiss the indictment and, alternatively, for a bill of particulars. Both motions were denied. It is difficult for us to understand upon what legal theory the summary of evidence made by the prosecutor should be treated as a bill of particulars. However, it seems to have been so considered by the judge and prosecutor. Accordingly we shall treat it as such.

█ In our opinion there was not a fatal variance. No substantial right of appellant was prejudicially affected. Fed.Rules Crim. Proc. 52(a), 18 U.S.C.A.; England v. United States, 5 Cir., 1949, 174 F.2d 466; Ferrari v. United States, 9 Cir., 1948, 169 F.2d 353; Loper v. United States, 10 Cir., 1947, 160 F.2d 293. This seems evident from the fact that no claim of surprise or prejudice was made at the time. Indeed, the very nature of Neal's defense shows that he was not misled to his prejudice.

His own testimony was nothing but a flat denial that he accepted the money, delivered the cigarettes, or had any connection with Norman in negotiating or consummating the transaction. Only upon the theory that he might properly have varied his own testimony to oppose that of the Government could there have been any prejudice to his rights.

█ The contention that the testimony violated the hearsay rule overlooks the fact that there was ample evidence tending to show a criminal plan and purpose between Neal and Norman to obtain and deliver to Newkirk the bulk marihuana or the cigarettes, and that the testimony was in proof of a declaration by one of the conspirators (Norman) while in the very act of committing the offense charged in the first count of the indictment. According to the Government's evidence Neal and Norman were partners in crime. Therefore, in carrying out their criminal design they were agents for each other. The acts and declarations of one were admissible against the other. American Fur Co. v. United States, 1829, 2 Pet. 358, 366, 7 L.Ed. 450; United States v. Perillo, 2 Cir., 1947, 164 F.2d 645; Ladrey v. United States, 1946, 81 U.S.App.D.C. 127, 155 F.2d 417; Van Riper v. United States, 2 Cir., 1926, 13 F.2d 961.

Other errors are assigned. They have been carefully considered. We think there was no prejudicial error.

Affirmed.