Joseph Milton **ANDREWS**, Plaintiff,

v.

Addison E. **SLAYTON**, Jr., Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 71-C-65-D.

United States District Court, W. D. Virginia, Danville Division.

Feb. 1, 1972.

Burnett Miller, III, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Joseph Milton Andrews, a state prisoner, pursuant to the provisions of 28 U.S.C.A. § 2241.

The petitioner is currently serving two life sentences imposed by the Circuit Court of Pittsylvania County, Virginia, on October 23, 1964 following convictions of aiding and abetting in murder and robbery. At his trial the peti-

tioner, who was represented by three attorneys, entered a plea of not guilty and waived his right to a trial by jury. The court after hearing the evidence found the petitioner guilty of both charges, which were heard together, and entered judgments accordingly. From his convictions the petitioner did not appeal.

The petitioner originally sought state habeas corpus relief in the Circuit Court of Pittsylvania County. In that petition the petitioner alleged that an illegal confession was introduced at his trial. That petition was denied and dismissed on March 29, 1966; thereafter, the petitioner sought an appeal in the Virginia Supreme Court of Appeals which affirmed the lower court's decision on January 17, 1968. Subsequently, the petitioner sought a writ of habeas corpus in this court. That petition was denied and dismissed on April 24, 1968, and petitioner appealed to the United States Court of Appeals for the Fourth Circuit which affirmed this court's decision on December 18, 1968. Certiorari was denied by the United States Supreme Court on April 1, 1969. On December 18, 1970, the petitioner filed another petition in the state court in which he made the allegations which he now raises in this court. On September 1, 1971 the Virginia Supreme Court denied that petition.

In his present federal habeas corpus petition, the petitioner alleges that he was denied due process of law and a fair trial in the state court. The petitioner alleges that the judge was prejudiced and biased towards him and should have disqualified himself. The petitioner contends that the judge had been unduly influenced by comprehensive news coverage of the petitioner's case and by the fact that the judge had presided at the trial of two of the petitioner's three co-defendants. The judge had disqualified himself as to the third co-defendant on the ground that he could not forget having tried that individual on other related charges. The petitioner also alleges that the judge participated in plea bargaining

sessions between the defense and prosecuting attorneys.

The respondent in his answer has moved that this petition should be dismissed on the ground that the petitioner should have raised this issue in his first petition. The respondent relies on the case of Powell v. Peyton, Mem. Dec. 13,968 (4th Cir.1970) which holds that fragmentation of claims into successive petitions is not favored when it appears that an applicant has abused his process of the federal courts. The petitioner, in response to this motion, says that he, as a layman, was unaware of all the legal circumstances of his case at that time. While this court is of the opinion that a petitioner should present all claims which he has in his first petition so that full consideration can be given to his case at one time, it will not dismiss this petition on this ground, but instead, will consider the petition on its merits.

After full consideration of the records in this case, this court is of the opinion that the petitioner's allegations are without merit. This court does not find that the trial judge allowed himself to be influenced by the publicity surrounding the petitioner's trial. Furthermore, the fact that the judge had tried two of the petitioner's three co-defendants did not make him prejudiced as a matter of law toward the petitioner. The fact that the judge had disqualified himself as to the trial of the third co-defendant did not require him to disqualify himself as to the petitioner since the records show that the judge had prior experiences with that co-defendant which he believed would influence his decision. This fact indicates to this court that the trial judge's discretion was sound and that he would have disqualified himself in the petitioner's case if he felt that he could not make an impartial decision. In essence, this court finds no abuse of discretion on the part of the trial judge.

As to the petitioner's claim that the judge participated in plea bargain-

ing before the trial, this court likewise finds no merit. It is true that the record reveals the conversations which took place in the judge's chambers prior to the trial in which the petitioner's attorneys and the Commonwealth Attorney discussed the possibility of pleas. However, when the trial began, the petitioner entered pleas of not guilty and upon advice of counsel he waived his right to a jury trial. The petitioner also stated in response to a question by the judge that he was aware that the maximum penalty of the crimes with which he was charged was death. Furthermore, the petitioner stated that he wanted the judge to hear his case. Following this the judge dismissed the jury, heard the evidence in the case and found the petitioner guilty. The sentences were imposed at a later hearing following a pre-sentence report and recommendations by the attorneys on both sides. This court finds no conduct on the part of the trial judge which denied the petitioner his constitutional right to due process of law and to a fair trial.

For the reasons herein given the petition of a writ of habeas corpus is dismissed and the relief sought is denied.