EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RADAMÉS MARTÉS OLÁN, acusado y apelante.

*Número:* CR-74-48     *Resuelto:* 6 de febrero de 1975

*Olga Cruz Jiménez de Nigaglioni,* abogada del apelante; *Myriam Naveira de Rodón, Procuradora General, Justo Gorbea Varona* y *Josefa A. Román García, Procuradores Generales Auxiliares,* abogados de El Pueblo.

Tres policías vestidos de civil prestaban servicio de patrulla en un vehículo del gobierno no identificado como tal. Al pasar por un bar observaron que había menores en él. Investigaron el negocio y expidieron citaciones contra el apelante y un menor quien, cerveza en mano, jugaba al billar con aquél. Regresaron los agentes al automóvil para continuar su marcha cuando llegó el hermano del menor. Este injurió y provocó de palabra a los policías (T.E. págs. 29–30). Los policías intentaron arrestarlo, pero el apelante y otros parroquianos del bar intervinieron, agrediéndolos con palos de billar y botellas. En la refriega resultaron heridos los tres agentes y se le ocasionaron daños al vehículo, al que le rompieron todos los cristales y luego lo lanzaron por una cuesta.

Como consecuencia de lo anterior se formularon acusaciones contra el apelante y tres personas más por daños maliciosos, 33 L.P.R.A. sec. 2061. Se acusó en adición al apelante por infracción al Art. 84 del Código Penal, 33 L.P.R.A. sec. 274. El apelante obtuvo juicio por separado, el que se celebró ante tribunal de derecho. El juez lo halló culpable del primer delito, imponiéndole cien dólares de multa con la condición subsidiaria de noventa días de cárcel. La violación al Art. 84 fue rebajada a acometimiento y agresión con circunstancias agravantes, por abrigar dudas el tribunal respecto a la identificación de los policías como funcionarios públicos, elemento necesario de la alegada infracción al Art. 84. La pena impuesta fue de ciento cincuenta dólares de multa o, en su defecto, un día de cárcel por cada dólar dejado de pagar, hasta un máximo de noventa días.

En la apelación ante nos se imputa la comisión de dos errores por el tribunal de instancia. Se ataca la suficiencia de la prueba y se alega que la relación previa del juez sentenciador con los hechos del caso, por haber juzgado con anterioridad a los otros coacusados, privó al apelante de sus derechos a gozar de la presunción de inocencia y del debido proceso de ley.

Respecto al primer error, argumenta el apelante que no se probó que las botellas lanzadas por él fueran las que rompieran los cristales del automóvil del gobierno y que en consecuencia no puede sostenerse fuera de toda duda razonable que él ocasionó los daños maliciosos. El Ministerio Público arguye, en refutación, que éste es un caso de prueba circunstancial. Las partes formulan planteamientos análogos sobre la condena por acometimiento y agresión.

■ La doctrina de coautoría y no la referente al uso de prueba circunstancial es la que verdaderamente gobierna este aspecto del caso. El examen de la transcripción de evidencia revela claramente que el apelante fue coautor de los actos delictivos imputados. Art. 36 del Código Penal, 33 L.P.R.A. sec. 82. En *Pueblo* v. *Vélez Posada*, 36 D.P.R. 579, 582 (1927), dijimos:

"El artículo 36 del Código Penal no solo considera como principales o autores a los que directamente cometen el acto delictivo sino a los que ayudan a cometerlo . . . ."

Véanse, además: *Pueblo* v. *Vélez Santiago*, 95 D.P.R. 619 (1971); *Pueblo* v. *López Jiménez*, 96 D.P.R. 132 (1968). Hemos aplicado esta misma norma a casos parecidos al actual. *Pueblo* v. *Bianchi*, 18 D.P.R. 576 (1912).

■ No hallando razón para intervenir con la apreciación de la prueba realizada por el tribunal de instancia, *Pueblo* v. *Colón Obregón*, 102 D.P.R. 369 (1974), concluimos por tanto que no se incurrió en el primer error.

Tampoco se incidió en el segundo error. En *In re Marín Báez*, 81 D.P.R. 274 (1959), se alegó que la cláusula del debido proceso de ley le impedía a este Tribunal resolver en sus méritos los casos de destitución o disciplina de jueces por haber determinado con anterioridad que procedía radicar querella contra el magistrado concernido. Expresamos allí:

"Más aún, tanto en el procedimiento administrativo como en el criminal y el civil no es nula por deformidad constitucional la actuación de un juzgador que preside un nuevo juicio luego de haberse revocado el fallo que él dictara en el juicio anterior, cuando tuvo la oportunidad de conocer todos los detalles de la prueba([18]). [Pág. 286.]

".         .         .         .         .         .

"[Escolio] (18): Idéntica norma se ha aplicado cuando el juez interviene en varios juicios contra distintas personas acusadas por los mismos hechos.

.         .         .         .         .         .

"En resumen, nunca ha sido ni es la norma constitucional que cualquier contacto previo con la prueba, no importa su alcance y efectos, incapacite a un juzgador para dirimir posteriormente los méritos de una controversia. En cada situación en que se alegue ese defecto constitucional hay que considerar la índole del procedimiento, el grado de relación del juez con la prueba y los probables efectos de esa relación sobre su desinterés e imparcialidad . . . ." (Pág. 287).

Véase también: *Pueblo* v. *Quiles*, 83 D.P.R. 63 (1961).

El apelante no ha puesto a este Tribunal en condiciones de medir los probables efectos de la relación del juez con la prueba sobre su desinterés e imparcialidad. No se han señalado los incidentes en el juicio anterior causantes de probable prejuicio contra el apelante, ni el grado específico de relación del juez con la prueba que exigiese su no intervención. El hecho a solas de presidir el juicio contra los otros coautores no monta a una violación *per se* del debido proceso de ley. Debe recordarse, del otro lado, que no priva en esta jurisdicción la doctrina de que el contacto con la prueba que

puede causar una violación del debido proceso de ley o la inhibición del juez en este tipo de litigio tiene que ser de origen estrictamente extrajudicial. *In re Marín Báez*, 81 D.P.R. 274, 287 (1959) ; *cf.* 2B Barron & Holtzoff, *Federal Practice and Procedure*, sec. 902, págs. 95–96 (1961) ; *Ferrari* v. *United States*, 169 F.2d 353 (9th Cir. 1948) ; *United States* v. *Grinnell*, 384 U.S. 563 (1966). La regla de *Ferrari* y *Grinnell* se critica en Note: *Disqualification of a Federal District Judge for Bias—The Standard Under Section 144*, 57 Minn. L. Rev. 749, 758 (1973).

El problema que nos ocupa se enfoca primordialmente en las cortes federales de Estados Unidos desde el punto de vista de las normas que rigen la inhibición de los jueces, 63 Stat. 99, 28 U.S.C.A. sec. 144, pero se llega usualmente al mismo resultado. *United States* v. *Di Lorenzo*, 429 F.2d 216 (2d Cir. 1970) ; *United States* v. *Holt*, 333 F.2d 455 (2d Cir. 1964) ; *Andrews* v. *Hayton*, 340 F.Supp. 180 (W.D. Va. 1972) ; *cf. United States* v. *Halliday*, 380 F.2d 270 (1st. Cir. 1967). Para que proceda la inhibición, no obstante, se ha indicado en repetidas ocasiones que no es imprescindible probar la existencia de prejuicio o parcialidad de hecho; basta con la apariencia de parcialidad o prejuicio. Ratner, *Disqualification of Judges for Prior Judicial Actions*, 3 Howard L.J. 228 (1957) ; Note, *Disqualification of Judges and Justices in the Federal Courts*, 86 Harv. L. Rev. 736 (1973).

Respecto a este último factor, nuestra Regla 76(g) de Procedimiento Criminal ya reconoce como causa de inhibición de un juez el hecho de "Que el juez haya actuado como magistrado a los fines de expedir la orden de arresto o de citación o a los fines de determinar causa probable en la vista preliminar." Compárese: *Pueblo* v. *Pacheco*, 83 D.P.R. 285 (1961). Véase igualmente la Regla 76(f). También hemos apuntado, de modo más amplio, que "Base fundamental del juicio justo es la imparcialidad del juez" y que "esa imparcialidad es la que origina la confianza en la justicia por parte de la ciuda-

danía." *Pueblo* v. *Toro Goyco*, 84 D.P.R. 492 (1962). El derecho a un juicio imparcial está protegido, por supuesto, por la cláusula de debido proceso de ley. *In re Murchison*, 349 U.S. 133 (1955).

El apelante no ha demostrado que el grado de contacto o relación previa con la prueba del juez que presidió el juicio causara erosión de la imparcialidad y objetividad que deben gobernar todo juicio justo. Ante esa realidad de hechos, y no existiendo disposición constitucional, legislativa o reglamentaria que excluya la participación del juez en ausencia de prueba específica de parcialidad o patente apariencia de la misma, no hemos de intervenir con la decisión de instancia.

*Se confirmará la sentencia apelada.*

El Juez Asociado, Señor Carlos J. Irizzary Yunqué, concurre con el resultado sin opinión.